WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Gatlin, | No. CV-24-03393-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Curtis, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2).

**I.    Legal Standards**

**A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

**B.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

> to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**II.   In Forma Pauperis Application**

Here, the Court has reviewed the application to proceed IFP. (Doc. 2). The Court finds Plaintiff cannot pay the filing fee and still afford necessities. Accordingly, the motion will be granted.

**III.   Complaint**

Next, the Court will screen the complaint under 28 U.S.C. § 1915(e)(2). In summary, Plaintiff is trying to obtain a car from Defendant Aaleahiyah Ladell. (Doc. 1 at 4). Plaintiff does not claim he purchased the car, only that he "discovered" the car was titled in his name. (*Id*. at 3). Plaintiff makes no allegations regarding how the car came to be titled in his name. Plaintiff alleges that Defendant Ladell will not voluntarily give him the car. (*Id*. at 4).

As to the remaining three Defendants, which include two City of Phoenix police officers and the City of Phoenix, Plaintiff alleges that he requested assistance from the Officers to obtain the car. (*Id*.) Plaintiff alleges that the Officers refused to assist him and told him that his dispute with Defendant Ladell was "a civil matter." (*Id*.).

Plaintiff's complaint contains four causes of action: 1) a due process claim against

Officers Curtis and Wyatt; 2) an equal protection claim against Officers Curtis and Wyatt; 3) a replevin action against Defendant Ladell and 4) a failure to train/deficient policy claim against the City of Phoenix. (Doc. 1). Plaintiff's claims one and two arise under federal law, specifically 42 U.S.C. § 1983. Claim 4 is also a § 1983 claim under *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). Claim 3 is a state law claim, and the Court's jurisdiction derives from 28 U.S.C. § 1367 (supplemental jurisdiction).

Counts one, two and four all stem from the same interaction between Plaintiff and the City of Phoenix Officers. Specifically, Plaintiff claims that he asked the Officers to participate in a "civil standby" to assist Plaintiff in taking the car from Defendant Ladell. Plaintiff claims that the Officers' refusal to assist was due to racial bias. Plaintiff thus pleads that the Officers' refusal to assist deprived him of due process and violated his right to equal protection. With respect to his claim against the City of Phoenix, Plaintiff relies on a 2024 Department of Justice report[1] to allege that the City has racial disparities in enforcement stemming from its policy and training deficiencies. (Doc. 1 at 10-11). Plaintiff pleads that these deficiencies caused the Officers to refuse to assist him.

Plaintiff cites no federal or state law defining a "civil standby" nor defining when, if ever, a private citizen has a right to such assistance. Arizona Revised Statute § 13-3602– titled Order of protection; procedure; contents; arrest for violation; penalty; protection order from another jurisdiction; definition–includes the following provision:

> …
> G. If a court issues an **order** of protection, the court may do any of the following:
> …
> 2. Grant one party the use and exclusive possession of the parties' residence on a showing that there is reasonable cause to believe that physical harm may otherwise result. **If the other party is accompanied by a law enforcement officer**, the other party may return to the residence on one occasion to retrieve belongings. A law enforcement officer is not liable for any act or omission in the good faith exercise of the officer's duties under this paragraph. …

A.R.S. § 13-3602 (emphasis added).

This provision is sometimes informally referred to as a "civil standby," and is the

---

[1] Plaintiff did not include a copy of this report with the complaint.

Court's best guest as to the procedure Plaintiff seeks. However, as the statute makes clear, law enforcement will only perform this function pursuant to a court order. In this case, Plaintiff makes no allegation that he has a court order that would permit him to take possession of the vehicle. Without a court order, Plaintiff fails to state a claim that the Officers or the City of Phoenix were required to assist him under A.R.S. § 13-3602. As a result, Plaintiff fails to state a claim of a violation of the constitution under any of his theories premised on A.R.S. § 13-3602.

Moreover, generally, a private citizen has no right to force law enforcement to take a particular action. For example,

> In light of today's decision and that in *DeShaney,* the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its "substantive" manifestations. This result reflects our continuing reluctance to treat the Fourteenth Amendment as "'a font of tort law,'" *Parratt v. Taylor,* 451 U.S. 527, 544 (1981) (quoting *Paul v. Davis,* 424 U.S., at 701), but it does not mean States are powerless to provide victims with personally enforceable remedies. Although the framers of the Fourteenth Amendment and the Civil Rights Act of 1871, 17 Stat. 13 (the original source of § 1983), did not create a system by which police departments are generally held financially accountable for crimes that better policing might have prevented, the people of Colorado are free to craft such a system under state law. Cf. *DeShaney,* 489 U.S., at 203.

*Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768–69 (2005).

Additional examples of similar holdings include:

> "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, "a citizen lacks standing to contest the policies of the contesting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* Plaintiff's grievance with DOJ – that DOJ opted not to investigate his claims against PPD – is not a legally cognizable injury. *See Douglas v. Kalanta*, No. 23-15104, 2024 WL 1795160 (9th Cir. Apr. 25, 2024) (no legally cognizable claim where defendant police department failed to adequately investigate alleged murder and communicate with victim's family); *Graves-Bey v. City & Cnty. of San Francisco*, 669 F. App'x 373, 374 (9th Cir. 2016) (plaintiff lacks standing to compel the investigation or prosecution of another person); *Robinson v. Cunan*, 489 F. App'x 187 (9th Cir. 2012) (same). Because Plaintiff fails to assert a judicially cognizable injury caused by DOJ, the Court does not have jurisdiction over his claim.

*Gerow v. U.S. Dep't of Just.*, No. CV-23-01059-PHX-DGC, 2024 WL 2300526, at *2 (D.

Ariz. May 21, 2024) (footnote omitted).

Thus, Plaintiff fails to state a claim under § 1983 because Plaintiff has not cited, and the Court has not identified, a source of any duty the Defendant Officers had to assist him. As a result, counts one, two and four will be dismissed.

As indicated above, the remaining claim, count three, is a state law claim. Because the federal claims will all be dismissed for the reasons stated herein, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("[When] federal law is not where the real action is [], although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

## IV.   Leave to Amend

Unless the Court determines that a pleading could not be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court finding an amendment would be futile alone justifies not granting leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, the Court cannot conclude that amendment would be futile. This conclusion is based in part on the possibility that Plaintiff could allege additional facts and in part on the Court's uncertainty as to the basis for Plaintiff's claims. Accordingly, the Court will give Plaintiff the opportunity to amend.

Plaintiff must note that an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard*

1  *Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Thus, after amendment, the Court will
2  treat the original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action
3  that was raised in the original Complaint and that was voluntarily dismissed or was
4  dismissed without prejudice is waived if it is not alleged in an amended complaint.  *Lacey*
5  *v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  And any Defendant not
6  renamed in the amended complaint will remain dismissed from this case.  *See id*.

      Although the Court did not screen the replevin claim against Defendant Ladell, the Court notes that the Court's procedures to consider such a claim arise from state law.  *See* Fed. R. Civ. P. 64 (specifically listing replevin and stating "…At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing …property to secure satisfaction of the potential judgment….).  The Arizona laws specific to replevin (A.R.S. §§ 12-1301–12-1314) have enumerated requirements which include filing an affidavit containing specific information (A.R.S. § 12-1301) and posting a bond equal to double the amount of the property (A.R.S. § 12-1303).  In any amended complaint, to state a claim for replevin, Plaintiff must comply with the governing Arizona statutes.

**V.    Conclusion**

      Based on the foregoing,

      **IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

      **IT IS FURTHER ORDERED** that the complaint (Doc. 1) is dismissed for the reasons stated above.  Plaintiff has 30 days from the date of this Order to file a first amended complaint.

      **IT IS FURTHER ORDERED** that if Plaintiff files a first amended complaint, the Clerk of the Court shall not issue subpoenas until the Court screens the first amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

///

///

///

**IT IS FINALLY ORDERED** that if Plaintiff fails to file a first amended complaint within 30 days, the Clerk of the Court shall enter judgment dismissing this case as follows: counts one, two and four are dismissed with prejudice; count three is dismissed without prejudice.

Dated this 11th day of March, 2025.

_____
Honorable Sharad H. Desai
United States District Judge